**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 30 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



PELI POPOVICH HUNT, pro se, individually and as Trustee of the Robert and Peli Hunt Living Trust,

        Plaintiff - Appellant,

  v.

HORWITZ CRON AND ARMSTRONG LLP, In their corporate capacity; et al.,

        Defendants - Appellees.

No. 13-56531

D.C. No. 2:12-cv-07866-CAS-RZ

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted March 10, 2015[**]

Before:    FARRIS, WARDLAW, and PAEZ, Circuit Judges.

    Peli Popovich Hunt appeals from the district court's order dismissing her 42

U.S.C. § 1983 action alleging federal and state law claims arising from her

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

bankruptcy proceedings.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Gant v. County of Los Angeles*, 772 F.3d 608, 614 (9th Cir. 2014) (dismissal for failure to state a claim), and we affirm.

The district court properly dismissed Hunt's federal and state law claims against defendant Robles because he is entitled to judicial immunity.  *See Ashelman v. Pope*, 793 F.2d 1072, 1072 (9th Cir. 1986) (en banc) (judges are absolutely immune from damages liability for acts performed in their official capacities); *Soliz v. Williams*, 88 Cal. Rptr. 2d 184, 189 (Ct. App. 1999) (in California, "judges are granted immunity from civil suit in the exercise of their judicial functions").  Contrary to her contention, Hunt failed to allege facts sufficient to show that Robles acted in the clear absence of all jurisdiction.  *See O'Neil v. City of Lake Oswego*, 642 F.2d 367, 369-70 (9th Cir. 1981) (discussing the distinction between actions taken "in clear absence of all jurisdiction" and those taken merely "in excess of jurisdiction").

The district court properly dismissed Hunt's § 1983 claims against all defendants because Hunt failed to allege facts sufficient to show that any defendant acted under color of state law.  *See Simmons v. Sacramento Cnty. Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) (private parties do not generally act under color of state law for 42 U.S.C. § 1983 purposes, and conclusory allegations that a

private party conspired with a state actor to deprive plaintiff of constitutional rights are insufficient).

The district court properly dismissed Hunt's state law conspiracy claims because Hunt failed to allege facts sufficient to show that any defendant committed an underlying civil wrong resulting in damage. *Entm't Research Grp., Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211, 1228 (9th Cir. 1997) (under California law, there is no separate and distinct tort cause of action for civil conspiracy).

The district court properly dismissed Hunt's state law claims against defendants Miller, Lev, Goodrich, and Gould, because Hunt failed to allege facts sufficient to establish that she had an attorney-client relationship with any of those defendants. *See Schultz v. Harney*, 33 Cal. Rptr. 2d 276, 281 (Ct. App. 1994) ("An attorney's breach of the ethical duties of good faith and fidelity, which are owed by an attorney to his or her client, amounts to legal malpractice and is actionable.").

The district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Hunt's professional negligence claims against Armstrong and Horowitz, Cron & Armstrong, LLP. *See* 28 U.S.C. § 1367(c)(3) (a district court may decline to exercise supplemental jurisdiction once it has "dismissed all claims over which it has original jurisdiction").

13-56531

We reject as without merit Hunt's remaining contentions that the district court abused its discretion in striking Hunt's request for entry of default, in failing to enforce its local rules, and in not granting appellant additional time to review its tentative ruling.

Appellees' requests for judicial notice, filed September 8, 2014 and September 19, 2014, are denied as unnecessary.

Hunt's motion to file a substitute or corrected reply brief, filed February 2, 2015, is denied as unnecessary. The Clerk shall file the reply brief received on February 2, 2015.

All other pending motions are denied.

**AFFIRMED.**